# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

RENEWABLE CREATIVE, a Nevada
Limited Liability Company, *et al*.,

       Plaintiffs,

v.

LAKE LAS VEGAS DESTINATION
MARKETING COUNCIL, *et al*.,

       Defendants.

Case No. 2:11-CV-01974-KJD-CWH

**ORDER**

Presently before the Court is Plaintiffs' Motion to Remand (#17).  Defendant Lake Las Vegas Destination Marketing Council filed a response in opposition (#33) to which Plaintiffs replied (#42).  Plaintiff seeks to remand the case asserting that Defendants failed to unanimously join in the Notice of Removal and that federal question jurisdiction no longer remains.  The Court denies the motion to remand based on lack of unanimity, but grants the motion for lack of original jurisdiction.

Plaintiffs assert that they filed an amended complaint in state court on December 9, 2011 removing their sole cause of action raising a federal question.  However, this action was removed from state court on December 8, 2011, before the amended complaint was filed, making the amended complaint non-operative.  Plaintiffs asserts that if remanded, they would immediately amend the complaint to remove the claim raising a federal question.  The Court construes Plaintiffs' argument

as a motion to voluntarily dismiss their claim raising a federal question under 15 U.S.C. § 1125(a). The Court grants the motion and dismisses the claim arising under 15 U.S.C. § 1125(a) with prejudice.

In the absence of the federal claim, the Court has discretion to retain jurisdiction of the supplemental state law claims.[1]  A district court has discretion to decline to exercise supplemental jurisdiction over a claim if all claims over which it has original jurisdiction have been dismissed or if the claim raises a novel or complex issue of state law.  See 28 U.S.C. § 1367(c).  Since the Court has dismissed all claims over which it has original jurisdiction, the Court declines to exercise its supplemental jurisdiction over Plaintiffs' state law claims.  Accordingly, the Court grants the motion to remand in accordance with 28 U.S.C. § 1447(c).  Plaintiffs' motion for attorney's fees and costs is denied.

Accordingly, IT IS HEREBY ORDERED that  Plaintiffs' Motion to Remand (#17) is **GRANTED**.

DATED this 25th day of April 2012.

_____
Kent J. Dawson
United States District Judge

---

[1] To the extent that Defendants argue that counterclaims raising federal questions prevent the Court from remanding the action, they are wrong.  For both removal and original jurisdiction, the federal question must be presented by plaintiff's complaint as it stands at the time of removal.  See, e.g., Metro Ford Truck Sales, Inc. v, Ford Motor Co., 145 F.3d 320, 327 (5th Cir. 1998).  Removal, or continued federal jurisdiction after dismissal of the claim justifying removal based on Plaintiff's complaint, cannot be based on a counterclaim, cross-claim or third party claim raising a federal question, whether filed in state or federal court.  Id.